1

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9   United States of America,              )    No. CV-10-8221-PCT-PGR (LOA)
                                            )    CR-00-1222-PCT-PGR
10           Plaintiff/Respondent,          )
                                            )    **REPORT AND RECOMMENDATION**
11  vs.                                     )
                                            )
12  Ivan Ray Begay,                         )
                                            )
13           Defendant/Movant.              )
                                            )
14  _____       )

15          On November 15, 2010, Movant filed a *pro se* Motion to Vacate, Set Aside, or

16  Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255.  (Doc. 1[1])

17  Movant alleges five grounds for relief.  Respondent has filed a response contending that the

18  Motion should be dismissed as untimely.  (Doc. 4)  Movant has filed a Reply arguing that he

19  is a Navajo Indian and a member of the Navajo Tribe and, therefore, Section 2255's statute

20  of limitations does not apply to him.

21  **I. Background**

22          On November 14, 2000, Movant was charged by Complaint in the United States

23  District Court, District of Arizona.  (CR 1)  Movant's initial appearance was held on

24  November 13, 2000.  (CR 2)  On November 15, 2000, Movant waived the preliminary

25  hearing and was ordered detained pending trial.  (CR 5)

26  _____

27          [1] Citations to "Doc.__" are to documents in case number 3:10cv8221-PGR (LOA).
    Citations to "CR ___" are to documents in the underlying criminal case, *United States v. Ivan
28  Ray Begay*, 3:00cr1222-PGR.

1    On December 12, 2000, a federal grand jury indicted Movant on four counts

2    (Counts 1, 3, 5 and 7) of Aggravated Sexual Abuse in violation of 18 U.S.C. § 2241(a)(1),

3    four counts (Counts 2, 4, 6 and 8) of Aggravated Sexual Abuse in violation of 18 U.S.C. §

4    2241(a)(2), and two counts (Counts 9 and 10) of Kidnaping.  (CR 7)

5    On June 4, 2001, Movant pled guilty to Counts 1-8, Aggravated Sexual Abuse,

6    and the Government dismissed Counts 9 and 10.  (CR 25)   On July 13, 2001, Movant filed

7    objections to the pre-sentence report. (CR 26)  The Government also filed objections to the

8    presentence report.  (CR 27, 28)   On August 7, 2001, the Government filed a motion

9    requesting an upward departure.  (CR 31)   Movant objected.  (CR 33)

10   On September 17, 2001, the district court sentenced Movant to the Bureau of

11   Prisons for 302 months, followed by five years of supervised release. (CR 35)   Movant was

12   also ordered to pay restitution of $10,511.59.  (*Id.*)

13   Movant filed a direct appeal.  (CR 36, 37)   Movant argued that the district court

14   erred by imposing a 2-level enhancement for restraining the victims.  On July 22, 2002, the

15   Ninth Circuit Court of Appeals affirmed Movant's conviction and sentence.  (CR 51)

16   Movant did not seek further review.

17   On November 15, 2010, Movant filed the pending Motion to Vacate, Set Aside

18   or Correct Sentence pursuant to 28 U.S.C. § 2255.  (Doc. 1)  Respondent asserts that the

19   Motion is untimely.  Movant asserts that the Court lacks jurisdiction over him and that the

20   one-year limitations period does not apply to him because he is a member of the Navajo

21   Indian Tribe.  (Doc. 5)

22   **II.  One-Year Limitations Period**

23   Respondent argues that Movant's § 2255 motion should be denied as untimely.

24   Title 28 U.S.C. § 2255 contains a one-year statute of limitations for motions filed under 28

25   U.S.C. § 2255.   Specifically, § 2255(f) provides that the one-year limitations period runs

26   from the latest of:

27   (1) the date on which the judgment of conviction becomes final;

28

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).  Upon review of the record, Section 2255(f)(1) governs the commencement of the one-year limitations period in this case.

A motion filed pursuant to 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  The Ninth Circuit has held that finality occurs when the Supreme Court "'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *U.S. v. Aguirre-Ganceda*, 592 F.3d 1043,1045 (9th Cir. 2010) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)); *see also Jimenez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 681, 685 (2009) ("With respect to postconviction relief for federal prisoners, this Court has held that the conclusion of direct review occurs when 'this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari.'") (quoting *Clay*, 537 U.S. at 527, 528-32).

Here, the Ninth Circuit Court of Appeals affirmed Movant's convictions and sentence on July 22, 2002.  Movant did not file a petition for a writ of certiorari with the United States Supreme Court.  Accordingly, the one-year deadline for filing a § 2255 motion began on October 21, 2002 and expired on October 23, 2003.  *See* Rules of the United States Supreme Court 13.3 (stating that a petition for writ of certiorari is timely when it is filed within 90 days after entry of judgment and that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.").

Assuming Movant is entitled to the benefit of the mail box rule, his § 2255 was filed on November 11, 2010, the day he allegedly gave the Motion to prison officials for

1   mailing.  *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).  Because Movant's § 2255 Motion

2   was filed seven years after the limitations period expired, it is untimely.  The Court,

3   therefore, need not reach the merits of Movant's claims unless he establishes a basis for

4   equitable tolling.

5               **C.  Equitable Tolling**

6               The United States Supreme Court has recognized that the doctrine of equitable

7   tolling should apply to § 2255 motions and habeas corpus petitions. *See Duncan v. Walker*,

8   533 U.S. 167, 184 (2001) (Stevens, J., concurring in part and concurring in the judgment,

9   joined by Souter, J.) ("[E]quitable considerations may make it appropriate for federal courts

10  to fill in a perceived omission on the part of Congress by tolling AEDPA's statute of

11  limitations"); *Holland v. Florida*, ___ U.S.___, 130 S.Ct. 2549, 2560 (2010) (holding that

12  Section 2244(d)'s limitations period, applicable to petitions filed under § 2254, may be

13  equitably tolled because it is a statute of limitations, not a jurisdictional bar.).  Even though

14  Movant's § 2255 motion was untimely, the court may toll the one-year limitation period if

15  (1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist.

16  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Still, "the threshold necessary to trigger

17  equitable tolling . . .  is very high." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).

18  A petitioner seeking equitable tolling must establish two elements: "(1) that he has been

19  pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his

20  way." *Pace,* 544 U.S. at 418.

21              Movant argues that the delay should be excused because he relied on the advice

22  of trial counsel to wait eight years before filing his § 2255 motion.  Contrary to Movant's

23  assertion, his attorney, Gerald Williams, states that he "never advised Petitioner to wait eight

24  years or any other time period outside the applicable one year statute of limitations before

25  filing a Section 2255 Motion."  (Doc. 4, Exh. A)   Movant's statement that counsel advised

26  him to wait eight years before filing his § 2255 motion is not supported by the record.

27  Moreover, the Ninth Circuit has held that "ordinary attorney negligence will not justify

28  equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). In *Frye*, the Ninth

1   Circuit noted that the petitioner's attorney had miscalculated the statute of limitations

2   deadline. *Id.* The Ninth Circuit concluded that "the miscalculation of the limitations period

3   by . . . counsel and his negligence in general do not constitute extraordinary circumstances

4   sufficient to warrant equitable tolling." *Id.*

5           Movant also argues that because he is a Navajo Indian and member of the Navajo

6   Tribe, the one-year limitations period does not apply to him.  (Doc. 5, Exh. A)   Movant's

7   argument concerning the Navajo Tribe is not relevant to whether his motion was timely

8   filed.  *U.S. v. Sandoval*, 371 Fed.Appx. 945, 949 n.3 (10th Cir. 2010) (affirming district

9   court's dismissal of § 2255 motion as untimely and finding arguments regarding movant's

10  membership in Indian tribe irrelevant).

11          To the extent Movant argues that § 2255's limitations period is unconstitutional,

12  that claim fails.  Although the Ninth Circuit has not specifically addressed whether the

13  statute of limitations in § 2255 is constitutional, the other circuit courts have found it to be

14  constitutional. *See Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) (holding that

15  AEDPA's statute of limitations is not *per se* violation of Suspension Clause and thus the

16  Clause is not implicated when 2255 motion is time-barred); *United States v. Keebler*, 49

17  Fed.Appx. 267, 269 (10th Cir. 2002) (explaining that the one-year limitation on filing a

18  section 2255 motion does not violate the Suspension Clause).

19          Additionally, the Ninth Circuit has upheld the constitutionality of AEDPA's

20  statute of limitations in the context of 28 U.S.C. § 2254. *See Ferguson v. Palmateer*, 321

21  F.3d 820, 822-23 (9th Cir. 2003) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)) (statute

22  of limitations for § 2244(d)(1) and 2254 is constitutional); *see also Green v. White*, 223 F.3d

23  1001, 1003-04 (9th Cir. 2000) ("The one year limitation does not violate the Suspension

24  clause because it is not jurisdictional and may be subject to equitable tolling."). The United

25  States Supreme Court has consistently analogized the legal principles governing state

26  prisoners' habeas corpus petitions under § 2254 with those governing federal prisoners

27  under § 2255. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (stating § 2255 "intended to

28  mirror 2254 in operative effect"); *Davis v. United States*, 417 U.S. 333, 343 (1974) (section

1  2255 "intended to afford federal prisoners a remedy identical in scope to federal habeas

2  corpus"). Accordingly, it is appropriate to apply *Ferguson* to § 2255. For the foregoing

3  reasons, AEDPA's statute of limitations as it applies to § 2255 is constitutional.

4         Movant has not provided any other basis for equitable tolling. Movant's status as

5  an inmate and lack of legal assistance do not constitute extraordinary circumstances

6  warranting equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)

7  (stating that the fact that an inmate law clerk was assisting petitioner does not relieve

8  petitioner from personal responsibility of complying with the law); *United States v. Van*

9  *Poyck*, 980 F.Supp. 1108 (C.D.Ca. 1997) (defendant's inability to secure transcripts and four

10  general lockdowns at prison lasting several days and allegedly eliminating access to the law

11  library did not constitute extraordinary circumstances for purposes of tolling the one-year

12  limitations period.). In summary, equitable tolling is not appropriate in this case.

13         Because Movant's § 2255 Motion is untimely and he fails to establish a basis for

14  tolling the statute of limitations, the Motion should be dismissed.

15         Accordingly,

16         **IT IS RECOMMENDED** that Movant's Motion to Vacate, Set Aside, or

17  Correct Sentence pursuant to 28 U.S.C. § 2255, doc. 1, be **DENIED**.

18         **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and

19  leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the

20  Motion is justified by a plain procedural bar and jurists of reason would not find the

21  procedural ruling debatable.

22         This recommendation is not an order that is immediately appealable to the Ninth

23  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

24  Appellate Procedure, should not be filed until entry of the District Court's judgment. The

25  parties shall have fourteen days from the date of service of a copy of this recommendation

26  within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1);

27  Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen

28  days within which to file a response to the objections. Failure timely to file objections to the

1  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

2  and Recommendation by the District Court without further review.  *See United States v.*

3  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

4  factual determinations of the Magistrate Judge will be considered a waiver of a party's right

5  to appellate review of the findings of fact in an order or judgment entered pursuant to the

6  Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

7         DATED this 16th day of February, 2011.

8

9

10                              Lawrence O. Anderson
                            United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28