**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>Ivan Ray Begay,<br><br>    Defendant/Movant. | No. CV-10-8221-PCT-PGR (LOA)<br>No. CR-00-1222-PCT-PGR<br><br>ORDER |

Having considered the Report and Recommendation of Magistrate Judge Anderson in light of the defendant/movant's Written Objection on the Court's Report and Recommendation on Documents 4 & 6 (Doc.7), the Court finds that the defendant/movant's objections must be overruled as meritless, and that the Magistrate Judge correctly determined that the defendant/movant's motion filed pursuant to 28 U.S.C. § 2255 must be denied as time-barred.

First, the Court agrees with the Magistrate Judge that the § 2255 motion, filed on November 22, 2010, was untimely filed pursuant to 28 U.S. 2255(f)(1) because the defendant/movant's one-year deadline for filing his § 2255 motion expired on October 23, 2003, which was one year after the date on which his judgment of conviction became final.

Second, the Court also agrees with the Magistrate Judge that the defendant/movant has not shown that the one-year limitations period should be equitably tolled. The defendant/movant's contention that he delayed filing his § 2255 motion because his federal public defender, Gerald Williams, advised him to wait eight years before appealing is not supported by the evidence and is simply not credible.[1]

Third, the Court further agrees with the Magistrate Judge that the defendant/movant's argument that he is illegally being held in federal custody and that his conviction and sentence are void because the United States has no constitutional authority to criminally prosecute members of the Navajo Nation is meritless as a matter of law. *See* United States v. Lomayaoma, 86 F.3d 142, 146 (9th Cir.), *cert. denied*, 519 U.S. 909 (1996) (Court held that the Indian Major Crimes Act, 18 U.S.C. § 1153, which grants federal courts exclusive jurisdiction over certain crimes committed by Indians in Indian country, was a constitutional exercise of power by Congress under the Indian Commerce Clause.)  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc.6) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the defendant/movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is denied as time-barred and that this action is dismissed.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that the petitioner is not authorized to appeal *in forma pauperis* because the

---

[1] The defendant/movant's contention that his sentencing on September 17, 2001 was somehow improper because it came six days after the 9-11 terrorist attacks is frivolous.

dismissal of the § 2255 motion is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 6th day of March, 2011.

Paul G. Rosenblatt
United States District Judge