**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

          Plaintiff,

    vs.

Ivan Ray Begay,

          Defendant/Movant.

No. CV-10-08221-PCT-PGR
No. CR-00-01222-001-PCT-PGR

ORDER

Pending before the Court are the movant's Motion for Relief Fed.R.Civ.P. 60(b)(1-6) (Doc. 25), filed January 28, 2013, Motion for Leave to Amend and Lodge (Submit) a Proposed Amended Motion to Vacate (Doc. 26), filed January 28, 2013, Motion for Relief From a Judgment or Order Entered on March 7, 2011 (Doc. 28), filed January 31, 2013, and Motion for Leave to Amend and Lodge (Submit) a Proposed Amended Motion to Vacate (Doc. 29), filed January 31, 2013.[1]  In all of these motions, no matter how they are titled or on what procedural rule they are allegedly based, the movant seeks in effect to file an amended motion pursuant to 28 U.S.C. § 2255 raising new claims despite the fact that he has been denied

---

[1]    Unless otherwise noted, all document numbers are to the civil action, CV-10-08221-PCT-PGR.

permission to do so numerous times by this Court and by the Ninth Circuit Court of Appeals.[2]

The Court denied the petitioner's original § 2255 motion on March 7, 2011 because it had been filed after the expiration of the limitations period imposed by the AEDPA, and the Ninth Circuit, in No. 12-15872, dismissed the petitioner's appeal from that judgment of dismissal on August 27, 2012 when it denied the issuance of a certificate of appealability.

The Court has since then explained to the plaintiff on several occasions that in order for this Court to have jurisdiction over any proposed amended/new § 2255 motion he must first obtain the permission of the Ninth Circuit to file it, which he has not obtained. *See* United States v. Allen, 157 F.3d 661, 664 (9th Cir.1998) (Court concluded that the district court lacked jurisdiction to consider a successive § 2255 motion because the movant had failed to request a certification from the appellate court prior to filing a successive § 2255 motion in the district court.) S*ee* Order (Doc. 4), entered on June 12, 2012 in CV-12-08103-PCT-PGR; Order (Doc. 23), entered

---

[2]
    The claims the movant wants to bring generally relate to his underlying contention that his judgment of conviction must be vacated because his guilty plea was involuntary.  Besides citing to § 2255, the movant has also cited at various times to Fed.R.Crim.P. 11(e) and Fed.R.Civ.P. 60(b) as the procedural bases for his new claims.  While the movant changes at times the procedural basis for the new claims he wants to bring, the gist of the proposed new claims does not change.
    The movant has also filed a habeas petition pursuant to 28 U.S.C. § 2241 in the Northern District of Florida (No. 5:11cv230-RS), wherein he alleged essentially the same claims as he did in his original §2255 motion here.  The Florida district court denied his petition with prejudice on February 9, 2012 as being an improper attempt to circumvent § 2255.
    The movant's latest attempt to get his sentence vacated is through a Petition for Audita Querela, filed pursuant to 28 U.S.C. § 1651on March 25, 2013 (Doc. 63 in CR-00-01222-PCT-PGR/(Doc. 1 in CV-13-08062-PCT-PGR.) The Court denied that petition as improper in an order filed on June 11, 2013.

on December 18, 2012 in CV-10-08221-PCT-PGR; Order (Doc. 3), entered on December 20, 2012 in CV-12-08240-PCT-PGR; and Order (Doc. 3), entered on February 13, 2013 in CV-12-08241-PCT-PGR.

In addition to the dismissal of the original § 2255 appeal, the Ninth Circuit has on five occasions denied the movant either a certificate of appealability or permission to file a second or successive § 2255 motion raising these same general claims. *See* No.12-70579 (permission to file a successive § 2255 motion denied on May 14, 2012); No. 12-16584 (certificate of appealability denied on August 27, 2012); No.12-72918 (permission to file a successive § 2255 motion denied on October 19, 2012); No. 13-70036 (permission to file a successive § 2255 motion denied on March 29, 2013); and No. 13-70977 (permission to file a successive § 2255 motion denied on May 28, 2013).

The movant is warned that the Court is unwilling to expend any more of its scarce resources resolving issues that it has already resolved in the movant's previous cases, and that any future attempt by him to re-raise these same rejected arguments in this Court, no matter how those arguments are titled, will result in that attempt being summarily denied.  Therefore,

IT IS ORDERED that movant Ivan Ray Begay's Motion for Relief Fed.R.Civ.P. 60(b)(1-6) (Doc. 25), Motion for Leave to Amend and Lodge (Submit) a Proposed Amended Motion to Vacate (Doc. 26), Motion for Relief From a Judgment or Order Entered on March 7, 2011 (Doc. 28), and Motion for Leave to Amend and Lodge (Submit) a Proposed Amended Motion to Vacate (Doc. 29) are all denied for lack of jurisdiction.

IT IS FURTHER ORDERED that no certificate of appealability shall issue, and the movant shall not be entitled to appeal *in forma pauperis*, because reasonable

- 3 -

jurists would not find the Court's procedural ruling debatable.

DATED this 11th day of June, 2013.

Paul G. Rosenblatt
United States District Judge

- 4 -