**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>   vs.<br><br>Ivan Ray Begay,<br><br>           Defendant/Movant. | No. CV-10-08221-PCT-PGR<br>No. CR-00-01222-PCT-PGR<br><br><u>ORDER</u> |

Defendant Begay has moved, in two essentially duplicative motions (Docs. 35 and 36 in CV-10-08221), to reopen his § 2255 habeas petition pursuant to Fed.R.Civ.P. 60(b)(4). This Court dismissed Begay's § 2255 action as time-barred on March 7, 2011 and the Ninth Circuit Court of Appeals dismissed his appeal of the judgment of dismissal on August 27, 2912 when it denied the issuance of a certificate of appealability.[1]  Begay now argues that his § 2255 action must be reopened because the Court failed previously to consider Ground Five of his § 2255 petition, which was his claim of actual innocence. The Court finds that the motions

---

[1] The pending motions are two of many post-judgment motions that Begay has filed seeking to get his conviction overturned. *See* Order (Doc. 31), entered on June 12, 2013, setting forth the procedural post-judgment history of this action to that date.

should be denied.

Begay brings his motions solely pursuant to Rule 60(b)(4), which permits the Court to relieve a party of a final judgment if "the judgment is void[.]" A judgment is void for purposes of Rule 60(b)(4) "only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." United States v. Berke, 170 F.3d 882, 883 (9th Cir.1999). The Court construes Begay's motions as being brought pursuant to the lack of due process aspect of the rule.[2]

Begay argues that the Court should consider the instant motions because they do not constitute a second or successive § 2255 petition. To the extent that Begay is contending that the Court's dismissal of his § 2255 action as time-barred was in error because the Court failed to consider his claim of actual innocence as it was then presented, the Court concludes that the motion may be properly brought pursuant to Rule 60(b). *See* Jones v. Ryan, 733 F.3d 825, 834 (9th Cir.2013) (Court noted that a motion asserting that a previous ruling precluding the determination of the merits of a habeas petition due to a statute-of-limitations bar was in error is a proper Rule 60(b) motion.) However, only the second of Begay's pending motions (Doc. 36), which argues that his guilty plea was involuntary because he was never properly informed of the nature of the charges against him, refers to a basis for relief that can be deemed to have been raised in some respect in his original § 2255 petition.

As to this motion, the Court presumes that Begay is arguing that the judgment in his habeas action is void because the Court did not determine whether his claim

---

[2] The Court has previously rejected as meritless Begay's argument that the Court lacked subject matter jurisdiction over him because he is a Navajo.

of actual innocence was sufficient to serve as a Schlup gateway to reach the merits of his habeas claims notwithstanding the bar of the AEDPA's statute of limitations. In order to avoid a miscarriage of justice, the Court may entertain a time-barred § 2255 petition if the petitioner raises a convincing claim of actual innocence, *i.e.*, one in which the petitioner shows "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" presented in his habeas petition. McQuiggin v. Perkins, 133 S.Ct. 1924, 1935 (2013). The Court did not consider Begay's Ground Five, his actual innocence claim, in determining that the statute of limitations should not be tolled because his claim was patently insufficient inasmuch as it contained no evidence of actual innocence.[3] Since Begay did not even come close to meeting the demanding Schlup standard in his original § 2255 petition and related documents, the Court's decision not to reach the merits of the § 2255 petition did not violate Begay's right to due process.

Begay's other pending motion (Doc. 35) is not properly brought as a Rule 60(b) motion. In that motion, Begay raises new bases for his actual innocence claim that were not set forth in his original § 2255 petition, *i.e.*, that at the time he committed the eight counts of aggravated sexual abuse to which he pleaded guilty he was highly intoxicated from a combination of alcohol and marijuana consumption and that this alleged intoxication (1) prevented him from forming an intent to abuse, (2) caused him to have a severe diminished capacity, temporary insanity and a

---

[3] Begay's Ground Five merely stated the following as supporting facts:

"Federal Public Defender said it was a weak 'Doubtful' that I had actually sexually assaulted Julie Ann Cornfield [Roan], my common-law wife, but still advised I to go ahead and plead guilty, if I still care about Julie Cornfield and Renita Blackgoat. It was a 'Domestic Violence Case' he said."

1  severe deranged mind, and (3) left him sexually impotent and incapable of achieving
2  a penis erection.  These new contentions regarding his intoxication, the factual
3  predicates for which existed and were ripe when Begay's first § 2255 petition was
4  filed, are in substance a new claim of error regarding his underlying conviction which
5  is properly treated as a disguised § 2255 motion. <u>United States v, Washington</u>, 653
6  F.3d 1057, 1063 (9th Cir.2011).  Because this motion constitutes a second or
7  successive § 2255 petition, the Court has no jurisdiction to consider it due to Begay's
8  failure to first obtain the required certification from the Ninth Circuit Court of Appeals.
9  *Id.* at 1065; 28 U.S.C. § 2255(h).  Therefore,

IT IS ORDERED that defendant Begay's Motion to Re-Open Habeas Corpus Petition, pursuant to 28 U.S.C. § 2255 (Doc. 35 in CV-10-08221-PCT-PGR) is denied for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that defendant Begay's Motion to Re-Open Habeas Corpus (Doc. 36 in CV-10-08221-PCT-PGR) is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that the defendant is not entitled to appeal *in forma pauperis* because he has failed to show that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong, or that reasonable jurists would find it debatable whether he has stated a valid claim of the denial of a constitutional right or debatable whether the Court was correct in its procedural ruling.

DATED this 27th day of July, 2015.

Paul G. Rosenblatt
United States District Judge