**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>Ivan Ray Begay,<br><br>        Defendant/Movant. | No. CV-10-08221-PCT-PGR<br>No. CR-00-01222-PCT-PGR<br><br>ORDER |

      Pending before the Court's is defendant Begay's Motion to Reinstate Habeas Corpus Proceedings (Doc. 39), filed on July 23, 2015. The Court's Judgment and Commitment order in Begay's underlying criminal action, which stemmed from Begay's plea of guilty to eight counts of aggravated sexual abuse, was entered on September 17, 2001 and Begay, through counsel, appealed his 302 month sentence to the Ninth Circuit Court of Appeals on September 18, 2001. The Ninth Circuit's mandate affirming Begay's sentence was entered on this Court's docket on September 20, 2002. Begay's copy of the Ninth Circuit's decision, which was apparently mailed to him by the Clerk of this Court, was returned as undeliverable on October 7, 2002. Begay's § 2255 action, which was not filed until November 15, 2010, was dismissed by this Court as time-barred on March 7, 2011, and the Ninth

Circuit dismissed his appeal of the judgment of dismissal on August 27, 2012 when it denied the issuance of a certificate of appealability.  Having reviewed Begay's latest post-judgment motion in light of the relevant record, the Court finds that it should be denied.

Begay states that his motion is filed pursuant to Fed.R.Civ.P. Rule 6)(b)(6), which permits relief from a final judgment for "any ... reason that justifies relief" other than the more specific reasons set out in Rule 60(b)(1)-(5). Wood v. Ryan, 759 F.3d 1117, 1119-20 (9th Cir.2014).  In order to be entitled to relief under this rule, Begay must show the existence of "extraordinary circumstances" justifying the reopening of the final judgment in his § 2255 action, and the Supreme Court has made it clear that such circumstances "rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).  Even assuming that Begay's motion is a legitimate Rule 60(b)(6) motion and is sufficient to meet the rule's extraordinary circumstances requirement, Begay is not entitled to equitable tolling unless he also meets his heavy burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  He has also show a causal link between the extraordinary circumstance and the untimeliness of his § 2255 action.

Begay, who has previously argued to the Court that he neither knew that the direct appeal had been filed on his behalf nor that the Ninth Circuit had denied it, argues that the required extraordinary circumstance in this case is the failure of the Clerk of the Ninth Circuit Court of Appeals to comply with the Ninth Circuit's general order requiring that the Clerk forward all returned mail sent to a prisoner in a federal institution to the appropriate United States Attorney with an instructional letter requiring that office to use all reasonable means to effect delivery to the prisoner and

to submit proof of such efforts and the results of that effort to the Clerk within fourteen days. Begay asserts that the Clerk of the Ninth Circuit failed to comply with this requirement, and that as a result he was deprived of vital information of when his judgment of conviction became final. Begay's contention, as the Court understands it, is that had he timely received a copy of the Ninth Circuit's decision denying his direct appeal, he "would have known the 28 U.S.C. § 2255 time limit began Oct. 21, 2002, and expired on Oct. 23, 2003." Apparently Begay would have the Court reopen his § 2255 action so that he can argue that the statute of limitations should be equitably tolled due to his failure to receive notice of the denial of his appeal. The Court concludes that Begay has not established his right to equitable tolling as to this new ground.

First, Begay has not been reasonably diligent about raising this ground. Begay never states when he first learned that his direct appeal had been denied. But even assuming that he did not in fact contemporaneously know about the existence of the appeal or its denial, Begay clearly learned about them from the Government's response (Doc. 4) to his § 2255 motion, which the Government filed on January 28, 2011.[1] Begay did not thereafter raise an equitable tolling issue based on his lack of knowledge of the denial of the appeal in his reply (Doc. 5) in support of his § 2255 motion or in his objections (Doc. 7) to the Report and Recommendation. Nor did he raise the issue in any of his subsequent post-judgment motions, *i.e.,* Docs. 13, 14, 15, 21, 25, 26, 27, 28, 29, 30, 32, 33, 35, and 36. Begay first raised this issue in the

---

[1] The Government's response stated in part: "Defendant's counsel filed a notice of appeal on September 18, 2001. ... Defendant argued on appeal that the sentencing court erred by imposing a 2-level enhancement for restraining the victims. The enhancement was upheld by the Ninth Circuit on July 22, 2002. The Mandate issued September 20, 2002."

pending motion, which he filed some 4½ years after he clearly knew about the denial of his direct appeal.

Second, Begay has not shown that his lack of knowledge of the denial of his direct appeal constitutes an extraordinary circumstance that prevented him from timely filing a § 2255 action. If Begay in fact did not know of the existence of his direct appeal until years after it was filed, as he has repeatedly stated, then his delay in filing had nothing to do with him waiting until this appeal was resolved. Rather, as Begay has made clear in his § 2255 motion and in various of his subsequent motions prior to the pending motion, the actual cause of his failure to timely file his § 2255 action was his belief that his federal public defender told him not to appeal until eight years after his sentencing, which is a contention that the Court has already rejected as not credible, and his claimed lack of any knowledge of the existence of § 2255 and its time limits. Therefore,

IT IS ORDERED that defendant Begay's Motion to Reinstate Habeas Corpus Proceedings (Doc. 39), filed pursuant to Fed.R.Civ.P. 60(b)(6), is denied.

IT IS FURTHER ORDERED that a certificate of appealability shall not issue and that defendant Begay shall not be allowed to appeal *in forma pauperis* because jurists of reason would not find it debatable whether the Court abused its discretion in denying Begay's Fed.R.Civ.P. 60(b) motion, and jurists of reason would not find it debatable whether Begay's underlying § 2255 motion stated a valid claim of the denial of a constitutional right.

DATED this 4th day of August, 2015.

_____
Paul G. Rosenblatt
United States District Judge