**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Ivan Ray Begay,<br><br>    Defendant/Movant. | No. CV-10-08221-PCT-PGR<br>No. CR-00-01222-PCT-PGR<br><br>ORDER |

Having considered the defendant's Motion to Reopen Habeas Corpus Pursuant to Fed.R. of Civ.P. Rule 60(B)(1-6), filed June 27, 2016, the Court finds that it should be summarily denied. The issues raised in the motion, such as the petitioner's intoxication-based actual innocence claim, have all been rejected by the Court in previous rulings. *See e.g.*, Order (Doc. 40 in CV-10-08221) ("These new contentions regarding his intoxication, the factual predicates for which existed and were ripe when Begay's first § 2255 petition was filed, are in substance a new claim of error regarding his underlying conviction which is properly treated as a disguised § 2255 motion. United States v. Washington, 653 F.3d 1057, 1063 (9th Cir.2011). Because this motion constitutes a second or successive § 2255 petition, the Court has no jurisdiction to consider it due to Begay's failure to first obtain the required

certification from the Ninth Circuit Court of Appeals. *Id.* at 1065; 28 U.S.C. § 2255(h).")

As both this Court and the Ninth Circuit Court of Appeals have repeatedly ruled, the petitioner's § 2255 habeas action has been terminated and cannot be reopened. The defendant simply has no viable claim of actual innocence, and no viable claim of any alleged procedural irregularity related to his guilty plea that can now be litigated any further.  Therefore,

IT IS ORDERED that the defendant's Motion to Reopen Habeas Corpus Pursuant to Fed.R. of Civ.P. Rule 60(B)(1-6) (Doc. 43 in CV-10-08221) is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that the defendant is not entitled to appeal *in forma pauperis* because he has failed to show that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong, or that reasonable jurists would find it debatable whether he has stated a valid claim of the denial of a constitutional right or debatable whether the Court was correct in its procedural ruling.

DATED this 7th day of July, 2016.

Paul G. Rosenblatt
United States District Judge