| | |
|---|---|
| 1 | WO |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivan Ray Begay,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | No. CV-10-08221-PCT-JAT<br>CR-00-1222-PCT-PGR<br>**ORDER** |

    Pending before the Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 48). Petitioner's motion has two parts.

    The first part seeks the recusal of Judge Rosenblatt. Because this case has now been reassigned to the undersigned, the Court finds that portion of the motion to be moot.

    The second part seeks to have Petitioner's conviction set aside for various reasons. This case was originally filed as a motion to vacate, set aside or correct sentence. (Doc. 1). Relief was denied March 7, 2011. (Doc. 8). A certificate of appealability was denied at the district court level (Doc. 8), and denied by the Court of Appeals (Doc. 22). By this Court's count, Petitioner has moved to reconsider the decision in this case on 12 prior occasions. (Docs. 13, 14, 15, 25, 26, 28, 29, 32, 35, 36, 39, and 43). Petitioner also sought leave to file a successive petition, which the Court of Appeals denied. (Doc. 20).

    In this thirteenth motion, Petitioner again raises factual contentions that existed and were ripe at the time Petitioner filed his original motion. Thus, while this motion is

called a Rule 60(b)(6) motion, it is really a successive § 2255 petition. As noted above, the Court of Appeals has already denied Petitioner's request to file a successive petition.

Further, even if the Court were to treat the motion as one under Federal Rule of Civil Procedure 60(b)(6), "Rule 60(b)(6) should be 'used sparingly as an equitable remedy to prevent manifest injustice'" and should be used only in "'extraordinary circumstances to prevent or correct an erroneous judgment.'" *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (citing *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)). Here, nothing in Petitioner's motion shows that the judgment was erroneous or incorrect.

Therefore,

**IT IS ORDERED** that Petitioner's motion for reconsideration (Doc. 48) is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied. *See generally Lynch v. Blodgett*, 999 F.2d 401 (9th Cir. 1993) (requiring a certificate of appealability on a Rule 60 motion).

Dated this 17th day of January, 2018.

James A. Teilborg
Senior United States District Judge